IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL T. WHITE,               :      CIVIL ACTION
                                       :
       Plaintiff,             :      NO. 15-1345
                                       :
           v.              :
                                       :
PNC BANK,                 :
                                       :
       Defendant.         :

## <u>MEMORANDUM OPINION</u>

In this action, Plaintiff Paul T. White ("White"), proceeding <u>pro se</u>, brings claims against Defendant PNC Bank ("PNC") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, <u>et seq.</u>, and the Pennsylvania Criminal History Information Records Act, 18 Pa. Cons. Stat. § 9125, and for wrongful discharge.  The present dispute involves an Interrogatory posed by PNC to White to which White has objected.  The Court construe's White's January 31, 2016 letter (Doc No. 43) as a Motion for Protective Order.  For the reasons discussed below, White's Motion is denied and he is directed to provide a substantive response to the disputed Interrogatory.

## <u>DISCUSSION</u>

PNC's Second Set of Interrogatories to White consisted of the following single Interrogatory:

> Please state whether your cerebral palsy substantially limits your ability to perform any major life activity including, but not limited to your ability to work, perform job duties, and care for yourself.  If you contend that your cerebral palsy limits any of your life activities, please identify which activities, and describe how they are limited by your cerebral palsy.

In his January 31, 2016 letter, White objected to this Interrogatory on the grounds that it was not relevant to the claims asserted in the litigation and was intended to unfairly humiliate

him.  Doc. No. 43.  White's objection is not meritorious because it fails to take into account the burden of proof he will face at trial with respect to his ADA claim.

To establish a <u>prima facie</u> case of discrimination under the ADA, White must prove that "'(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'"  <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d at 306 (quoting <u>Gaul v. Lucent Technologies</u>, 134 F.3d 576, 580 (3d Cir. 1998) (internal quotation marks omitted)).

Thus, in this case, White will be required to show that he has a disability.  A "disability" is defined by the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  <u>Williams v. Philadelphia Hous. Auth. Police Dep't</u>, 380 F.3d 751, 762 (3d Cir. 2004) (quoting 42 U.S.C. § 12102(2)).

A person is 'regarded as' having a disability if the person:

(1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;

(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

<u>Taylor v. Pathmark Stores, Inc.</u>, 177 F.3d 180, 188 (3d Cir. 1999) (quoting 29 C.F.R. § 1630.2(1))

"EEOC Regulations provide that an individual is 'substantially limited' in performing a major life activity if the individual is

(i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner

2

> or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.  29 C.F.R. § 1630.2(j)(1).  Several factors are to be considered in evaluating whether an individual is substantially limited in a major life activity: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Id.* § 1630.2(j)(2).

Williams, 380 F.3d at 762.

To establish his ADA claim, White must also prove that he is a "qualified individual" as defined for the purposes of the ADA.  "[A] qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  "'[A] disabled employee may establish a prima facie case under the ADA if s/he shows that s/he can perform the essential functions of the job with reasonable accommodation and that the employer refused to make such an accommodation.'"  Williams, 380 F.3d at 768 (quoting Skerski v. Time Warner Cable Co., 257 F.3d 273, 284 (3d Cir. 2001)).

Based on these requirements, it is evident that PNC's Interrogatory is relevant to discovering the facts that establish whether White satisfies the elements of an ADA claim; that is, whether he is a "disabled person" and whether he is a "qualified person" as those terms are defined for purposes of the ADA.  Therefore, the information the Interrogatory seeks must be provided by White because it is "relevant to [a] party's claim" and the burden of responding to it is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Accordingly, White shall provide a response to the Interrogatory within 10 days of the date of this Order.  White need not specify every respect in which his cerebral palsy limits his abilities to perform life activities.  However, he shall state the limitations in his life activities that

he intends to rely upon at trial to establish that he is disabled and must reasonably describe how

his cerebral palsy limits his ability to perform them.

       An appropriate Order follows.

DATE:  February 11, 2016

                            BY THE COURT:


                            */s/ Marilyn Heffley*
                            MARILYN HEFFLEY
                            UNITED STATES MAGISTRATE JUDGE